IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHN BRAGORGOS,

      Plaintiff,

v.                                  Case 2:13-cv-02417-JDT-cgc

BOBBY RILES, Fayette County Sheriff,
individually and in his official capacity;
ERIC COOK, Fayette County Detention
Center Captain, individually and in his
official capacity; JAMIE JENKINS, Fayette
County Election Chairman, individually and
in his official capacity; HELYEN KEITH,
Fayette County Election Commission Member,
individually and in her official capacity;
and, RONNIE FAULKNER, TBI Agent, in his
individual capacity,

      Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANT RONNIE FAULKNER'S MOTION TO DISMISS IN HIS INDIVIDUAL CAPACITY

Before the Court is Defendant Ronnie Faulkner's Motion to Dismiss in his Individual Capacity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry "D.E." #19, #20).[1] For the reasons set forth herein it is recommended that Faulkner's Motion to Dismiss be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

**I. Background**

On June 13, 2013, Plaintiff John Bragoragos filed a pro se Complaint against the above-styled Defendants. (D.E. #1). Plaintiff alleges that, following a "threaten[ing]" incident with Bobby Riles, Sheriff of Fayette County, Tennessee, and difficulties voting in the November 6, 2012 presidential election in Somerville, Tennessee, he was placed under arrest by Fayette County Detention Center Captain Eric Cook and transported to the jail. (Compl. ¶¶7-9). Plaintiff alleges that, approximately three hours later, Faulkner, an agent with the Tennessee Bureau of Investigation, arrived and informed him that he "could be released" if he "would plead to lessor [sic] charges and not stand trial on a different issue." (*Id.* ¶ 10). Plaintiff alleges that he refused and "was held seven weeks on a 250,000 dollar bond in solitaire [sic] confinement on charges for attempting to vote." (*Id.* ¶ 11). Plaintiff further alleges that he suffered mistreatment while incarcerated, including inadequate medical attention and denial of a bed; however, none of these allegations pertain to Faulkner. (*Id.* ¶¶ 12-16). Ultimately, Plaintiff alleges that he was released from jail on December 17 and was "never charged." (*Id.* ¶ 17).

Plaintiff claims that all of the Defendants violated 42 U.S.C. § 1983 ("Section 1983") by denying him his constitutional rights secured by the Eighth and Fourteenth Amendments to the United States Constitution and violated 42 U.S.C. § 1985 ("Section 1985") for apparently denying him the right to vote in the presidential election. (*Id.* at 1-2, ¶¶ 18, 20-24). Plaintiff further alleges that he is entitled to compensation under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. 29-20-101, *et seq.*, for "intentional and/or negligent [infliction] of emotional distress, negligence, negligent supervision, gross negligence, false imprisonment, false arrest, and civil conspiracy." (*Id.* at 1-2, ¶ 19).

On September 11, 2013, Defendant Faulkner filed the instant Motion to Dismiss in his Individual Capacity and a Memorandum in support thereof. (D.E. #19, #20). On September 18, 2013, Plaintiff filed a "Pro Se Motion for an Extension of Time to Retain Counsel and File Amended Complaint." (D.E. #21). On October 22, 2013, the Magistrate Judge denied Plaintiff's Motion for an Extension of Time to Retain Counsel and File Amended Complaint and ordered Plaintiff to respond to Defendant Faulkner's Motion to Dismiss within fourteen days of the entry of the Order. (D.E. #22). To date, Plaintiff has not responded to Defendant Faulkner's motion.

**II. Proposed Conclusions of Law**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible

on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

With respect to Plaintiff's myriad of state law claims against Faulkner in his individual capacity, Tennessee law provides as follows: "State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or

4

employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done with personal gain." Tenn. Code Ann. § 9-8-307(h). Plaintiff's Complaint alleges that Faulkner acted in his capacity as a TBI agent and never alleges that his actions were willful, malicious, criminal, or done for personal gain. Although Plaintiff briefly and conclusorily states that he seeks relief for "intentional . . . emotional distress," Plaintiff's Complaint does not make any allegations as to how Faulkner in his individual capacity committed any such acts. On the contrary, Plaintiff only alleges that he himself elected not to accept a plea deal offered by Faulkner. Accordingly, it is recommended that Plaintiff's state law claims against Faulkner in his individual capacity fail to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

With respect to Plaintiff's federal claims under Section 1983 for redress of constitutional violations, he first alleges that he suffered cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. As an initial matter, Plaintiff's allegations of cruel and unusual punishment are based upon his claims that he was deprived medical care and denied a bed; however, Plaintiff does not allege that Faulkner engaged in the alleged deprivation of medical care or denial of a bed but only claims that Faulkner offered him a plea deal that he denied. Thus, it is recommended that, on this basis alone, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983 for violations of the Eighth Amendment as to Faulkner in his individual capacity.

Further, it is well-settled that the Eighth Amendment's prohibition on cruel and unusual punishment does not apply to pretrial detainees but instead that the Fourteenth Amendment's due process protections govern such claims. *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.

1992); *Miller v. Calhoun*, 408 F.3d 803, 812 (6th Cir. 2005). Accordingly, for this additional reason, it is recommended that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983 for violations of the Eighth Amendment as to Faulkner in his individual capacity.

As to Plaintiff's allegations of cruel and unusual punishment as a pretrial detainee under the Fourteenth Amendment, once again, Plaintiff has failed to allege that Faulkner was in any way involved in the alleged deprivation of his medical care or denial of a bed. On the contrary, Plaintiff's sole allegation as to Faulkner is that he arrived at the jail after Plaintiff had been arrested and detained, that he offered Plaintiff a plea deal, and that Plaintiff denied the plea deal. Plaintiff does not allege that Faulkner was in any way involved in establishing or maintaining his conditions of confinement or that Faulkner even knew of any of the conditions of his confinement in the following days. Such allegations do not suffice to allege that a sufficiently serious deprivation of humane conditions has occurred because of Faulkner's deliberate indifference to his health and safety, as required to state such a claim. *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994); *Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 352 (6th Cir. 2001). Thus, it is recommended that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983 for violations of the Fourteenth Amendment as to Faulkner in his individual capacity.

Finally, as to Plaintiff's claims under Section 1985, it appears that he alleges that he was denied the right to vote and seeks redress for this violation. However, Plaintiff's Complaint does not allege that Faulkner was in any way involved in the decision of whether Plaintiff was eligible to vote; instead, Plaintiff's Complaint only alleges that Faulkner interacted with Plaintiff after such

https://i1.next.westlaw.com/StaticContent_20.7.2001/images/v2/logo_signon.pnga determination was made and after Plaintiff was arrested.  Thus, it is recommended that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1985 for denial of his right to vote as to Faulkner in his individual capacity.

### III.  Conclusion

For the reasons set forth herein, it is recommended that Plaintiff's Complaint against Defendant Ronnie Faulkner in his individual capacity be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**DATED** this 14th day of November, 2013.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**